[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14628

_____

D. C. Docket No. 1:09-cr-00361-RWS-AJB-13

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE EDENILSON-REYES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(November 13, 2012)

Before DUBINA, Chief Judge, CARNES  and ANDERSON, Circuit Judges.

PER CURIAM:

Defendant's challenge, under Fed.R.Evid. 410, to the admissibility of a statement made by defendant in a plea proffer was not preserved in the district court, and therefore is reviewed on appeal only for plain error. During his direct testimony at trial, the defendant told the jury that he did not know what was inside the suitcase, but omitted any reference to the fact that the co-worker who asked him to deliver the suitcase had previously asked him to transport cocaine. At the bench conference before the prosecution introduced defendant's statement to that effect from the plea proffer, defense counsel receded from his prior position that the content of defendant's statements in the plea proffer could not be used in cross-examination. Defense counsel modified his position, acknowledged that defendant's statements in the plea proffer could be used in cross-examination, but that the prosecutor should not refer to such statements as having been in the context of a plea proffer or in plea negotiations. Accordingly, the judge ruled without objection that the content of defendant's proffer statement was appropriate for cross-examination, but that the prosecutor could not refer to the context of the plea proffer itself or the plea negotiations. On appeal, defendant now challenges the admissibility of the content of defendant's previous statement in the plea proffer, the precise ground to which there was no objection at the bench conference. Even if there were error, it was not plain error. Defendant cites no case

2

suggesting there was obvious error, and defendant has not established that admission of the statement affected the outcome of the proceedings or seriously affected the fairness, integrity or public reputation of judicial proceedings.

Defendant's challenge to the legality of the stop of his truck, and the seizure of a suitcase full of currency is without merit. There was probable cause based upon the cumulative information in the possession of government agents about the drug conspiracy and the information connecting defendant thereto from the several intercepted telephone calls between defendant and Daniel whose telephone was being tapped pursuant to probable cause and a warrant. Moreover, there was also reasonable suspicion for the stop, and valid consent for the search.

The other arguments of defendant on appeal are wholly without merit, and warrant no further discussion.

AFFIRMED.